(No. 5071-)

MARTHA VAN POUCKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1965.*

SINNETT, RINK AND CORYN, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DOVE, J.

A complaint in this matter was filed in the Court of Claims on November 7, 1962, alleging that respondent, State of Illinois, owns, operates, maintains and controls an institution, known as the East Moline State Hospital, which is located at 100 Hill Crest Road, East Moline, Illinois. Further it is alleged that, on or about March 23, 1962, claimant, Martha Van Poucke, was a guest on the premises of said hospital; that at the time claimant was in the exercise of due care and caution for her own safety; that it was the duty of respondent to construct, maintain and repair said premises, so that persons rightfully thereon would not be injured; and, that respondent was then and there guilty of one or more of the following negligent acts or omissions:

(a) Failed to construct the sidewalk and steps on said premises in a safe and proper manner;

(b) Failed to maintain the sidewalk and steps on said premises in a safe and proper manner;

(c) Failed to repair the sidewalk and steps on said premises in a safe and proper manner;

That, as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of respondent, the public sidewalk and steps directly in front of the main

building on said premises were defective, cracked, loose and unsafe, thereby causing claimant to fall, and be thrown and hurled to said sidewalk and steps with great force and violence; that claimant was injured severely both internally and externally, and has been and will be prevented from attending to her usual and ordinary affairs and household duties; that she has expended, and will be compelled to expend, large sums of money; that no assignment or transfer of the claim of said Martha Van Poucke, or any part thereof or interest therein, has been made; that claimant has heretofore caused to be served upon the Secretary of State of the State of Illinois and the Attorney General of the State of Illinois notice of said claim in accordance with the provisions of the 1961 Ill. Rev. Stats; and, that claimant, Martha Van Poucke, prays for judgment in the sum of $12,224.25, in accordance with a bill of particulars attached to said claim.

From the testimony of claimant, it appears that, on March 23, 1962, she was at the East Moline State Hospital for the purpose of getting acquainted with the Superintendent, and to arrange with him for a dinner involving Mental Health. She had arrived at the hospital at approximately 2:00 P.M., and, after concluding her business, left the building at about 3:30 P.M. On her way out of the building she met Donald L. Gilliatt, Chief of Security for the hospital, and walked with him down the hall, out the front door, and down the steps. Claimant apparently stepped down to the middle step, which moved, and she fell down the steps and onto the sidewalk. She then was removed from the East Moline State Hospital to the Moline Lutheran Hospital, and was there treated by Dr. Henry Arp.

Mr. Gilliatt was called as a witness for claimant, and testified that on the day of the accident he was coming in the main door to the Administration Building, and that, as

he reached the top of the second flight of stairs, he saw Mrs. Van Poucke. He returned to the first flight of stairs, and opened the door for her. As they carried on a conversation, both were standing on the second step on the outside of the building, until Mrs. Van Poucke stated to him that it was time for her to go. He stepped back, which caused the second step to move, and claimant lost her balance, fell down the steps, and onto the sidewalk. At the time of the accident he had been employed at the East Moline State Hospital for approximately four years, and during that period of time he had used the step in question many times. He had reported to his superiors, in writing, that the step was loose and in need of repairs. He further stated that since the date of the accident he had retired, and was no longer employed by the State of Illinois.

Dr. Konstantin D. Dimitri, Superintendent of the East Moline State Hospital, was called as a witness by the State. He testified that Mrs. Van Poucke came to his office on the day in question, and discussed her business with him. He did not see the accident, but was informed of her fall, and found her on the sidewalk at the bottom of the steps in front of the building.

In order to recover, claimant must prove by a preponderance of the evidence: (1) That she was in the exercise of due care and caution for her own safety; (2) that respondent was negligent in its maintenance of the steps; and, (3) that the negligence of respondent was the proximate cause of her injuries.

The evidence conclusively indicates that the step had been loose for a long period of time before the accident in question. The Superintendent of the hospital had been notified, in writing, of the defect, but nothing had been done to repair the broken step.

Dr. Henry Arp diagnosed the injuries to Mrs. Van

Poucke as an impacted comminuted fracture of the cervical neck of the right humerus and a badly bruised and sprained back on the left side. She was in the Moline Lutheran Hospital from March 23 until May 19, 1962. A cast, which had been placed on her right arm, was removed after she had been in the hospital approximately three or four weeks. At the time of the hearing Dr. Arp was still giving her sedatives and sleeping pills. Dr. Arp testified that, in his opinion, Mrs. Van Poucke had suffered a permanent disability to her shoulder and arm as a result of the accident, and that her condition would improve only slightly in the future. He stated that claimant could not reach to her back to tie an apron or fasten her brassiere, and was unable to get her hand over her head.

The medical expenses incurred are as follows:

| | |
|---|---|
| Dr. J. N. Bourque - x-rays | $ 25.00 |
| Dr. Henry Arp | 507.50 |
| Moline Lutheran Hospital | 1,541.75 |
| Total | $2,074.25 |

The Court finds that at the time of the accident claimant, Martha Van Poucke, was in the exercise of due care for her own safety, and, that respondent had notice of the dangerous condition of the step, and neglected to take the necessary precautions to prevent injuries to visitors entering or leaving the building.

The remaining question for the Court to decide is the amount of claimant's damages. The medical expenses above set out total $2,074.25.

The Court believes claimant is entitled to an additional sum of $6,000.00 for pain, suffering, and impairment to her shoulder and arm.

An award is, therefore, made to claimant in the sum of $8,074.25.